IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GREGORY D. JONES, Inmate #K75759, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   CIVIL NO. 06-702-MJR |
| | ) |
| ROGER WALKER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**JONES, District Judge:**

Currently pending before the Court are Plaintiff's motions to appoint counsel (Docs. 3 and 9), for service of process at government expense (Doc. 4), to supplement the complaint (Doc. 8), for an order of protection (Doc. 11), for emergency intervention (Doc. 12), and for summary judgment (Doc. 13).

### APPOINTMENT OF COUNSEL

The Court has previously granted Plaintiff's request to proceed *in forma pauperis*, and Plaintiff has also filed two motions for appointment of counsel (Docs. 3 and 9). However, until the Court has completed a preliminary review of the complaint, *see* 28 U.S.C. § 1915A, this request is premature. Therefore, the motion for appointment of counsel is **DENIED** without prejudice. Once the Court has completed that preliminary review, Plaintiff may renew his request at that time.

### SERVICE OF PROCESS AT GOVERNMENT EXPENSE

This request is also premature. After the Court completes its threshold review of the action, and if Plaintiff is allowed to proceed on any of his claims, then the Court will order service upon the

defendants. Therefore the pending motion for service of process (Doc. 4) is **DENIED**.

### SUPPLEMENT TO THE COMPLAINT

> Federal Rule of Civil Procedure 15(a) dictates that leave to amend a pleading "shall be given whenever justice so requires," *see Sanders v. Venture Stores, Inc*., 56 F.3d 771, 773 (7th Cir. 1995); and, indeed, the rule expressly grants a plaintiff one opportunity to amend her complaint as a matter of course before a responsive pleading is served.

*Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995).

> The original of a proposed amendment to a pleading or amended pleading itself should accompany the motion to amend so that it may be filed *instanter* if the motion is granted. All new material shall be underlined. It is sufficient to simply underline the names of new parties the first place they appear in amended pleadings. Similarly, when new claims or defenses are raised by amendment, it is sufficient that the number of the designated count or paragraphs identifying the amendments be underlined.

Local Rule 15.1; *see* FED.R.CIV.P. 15. Plaintiff's supplement to the complaint (Doc. 8) does not conform to the local rule. This document does not appear to add any new materials, but to reiterate the factual claims already stated in the complaint. Because the document does not conform to the local rule, the request to supplement the complaint is **DENIED**. If Plaintiff wishes to amend his complaint, the court suggests that he file one, single, amended complaint that contains all claims against all defendants, and conforms fully to the local rule.

### PROTECTIVE ORDER

In a document entitled, "Motion for Order or Protection," Plaintiff states that Defendant Westerman, a Lieutenant at Menard, continues to "intentionally deny my safety in order to cause harm both physically and emotionally." He states that Defendants Westerman and Gardner have assaulted and harassed him and he seeks some form of injunctive relief to prevent further harassment. According to the docket, Plaintiff was transferred out of Menard Correctional Center

to Pontiac Correctional Center two months after this motion was filed. Thus, as a request for equitable relief, the motion (Doc. 11) is **DENIED** as moot because Plaintiff is no longer subject to the harassment of Defendants Westerman and Gardner. The Court, however, believes that Plaintiff may also have been attempting to add to the record additional factual allegations against these defendants. To the extent that was Plaintiff's intention, the Court informs Plaintiff, as noted above, that the Court will accept an amended complaint in the action so long as it conforms to the local rule.

### ORDER FOR EMERGENCY INTERVENTION

In this motion Plaintiff seeks that the Court "order an immediate transfer" due to his being placed, for a short time, in a cell with a known gang member. As stated above, according to the docket, Plaintiff has now been transferred out of Menard Correctional Center. Accordingly, this motion seeking a transfer order (Doc. 12) is **DENIED** as moot.

### MOTION FOR SUMMARY JUDGMENT

In this motion, Plaintiff does not seek traditional summary judgment pursuant to Fed. R. Civ. P. 56, but instead, he seeks that the Court issue orders "suspending" or "impeaching" certain defendants in the action. The Court is without jurisdiction to take such action. This motion (Doc. 13) is **DENIED**.

**IT IS SO ORDERED.**

**DATED this 9th day of July, 2007.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**