IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **GREGORY D. JONES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 06-702-MJR |
| | ) | |
| **ROGER WALKER,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, an inmate in the Pontiac Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In this action, Plaintiff seeks damages and injunctive relief for allegedly being hit with a snowball and for actions allegedly taken against him after he filed a grievance about the event. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A.

Title 28 U.S.C. § 1915A provides:

(a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
(b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
    (1) is frivolous, malicious, or fails to state a claim on which relief
    may be granted; or
    (2) seeks monetary relief from a defendant who is immune from such
    relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which

relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 ( 2007).  Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is subject to summary dismissal.

**THE COMPLAINT**

Plaintiff alleges that on February 28, 2006, defendant Westerman, a corrections officer, threw a snowball in Plaintiff's face.[1]  Plaintiff states that he filed two grievances concerning the incident, but that Defendant Hoffman delayed any action on them allegedly telling Plaintiff that he "just left the grievances on his desk."  It appears that Plaintiff and Westerman had a confrontation over Plaintiff's grievances which led Plaintiff to file yet another grievance against Westerman.  Plaintiff contends that Defendant Murray failed to respond to this grievance.  Plaintiff also claims to have written letters to Defendants Hullick and Walker concerning these events.

Plaintiff alleges that on May 8, 2006, he was transferred to a "hostile cell house" in retaliation for filing grievances against Defendant Westerman.

Plaintiff states that on July 20, 2006, he requested to be placed on protective custody after learning that his cellmate had told Plaintiff that he was supposed to "do Westerman's job by attacking [Plaintiff]" and that a contract was out on him for a fight plaintiff had with another inmate. Plaintiff states that he was placed on protective custody and that he declared Westerman an enemy.

Plaintiff claims that Defendant Westerman told other prison staff that Plaintiff was a liar and

---

[1] Attached to the complaint is an affidavit of Kenneth Harris, an inmate at the Menard Correctional Center, who claims to have witnessed this act.  According to Harris, Defendant Westerman "had some snow in his hand and threw it over his shoulder striking [Plaintiff] with the snow - playing with it I guess."

that these other staff members verbally harassed him.[2]  Plaintiff states that he was denied "meds and ice" at the behest of Defendant Westerman.  Finally, Plaintiff claims that Defendant Spiller would not approve his transfer to another institution.

**DISCUSSION**

### A. BEING HIT WITH A SNOWBALL.

Plaintiff's allegation that Defendant Westerman hit him in the face with a snowball fails to rise to the level of a constitutional violation.  *Cf. DeMallory v. Cullen,* 855 F.2d 442, 444-45 (7th Cir. 1988) (holding that district court properly dismissed claim that guard spit on inmate).  While regrettable, this incident is not a proper subject for review by the federal courts.  Technical batteries, angry words, and passing thumps fall outside the realm of constitutional review.  *See United States v. Bigham*, 812 F.2d 943, 949 (5th Cir. 1987).

### B. FAILURE TO REPLY TO PLAINTIFF'S GRIEVANCES.

Plaintiff's allegation that the Defendants have failed to act on his grievances or otherwise respond to his complaints about Defendant Westerman do not rise to the level of a constitutional violation.  "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause."  *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995).  The Constitution requires no procedure at all, and the failure of state prison officials to follow their own procedures does not, of itself, violate the Constitution.  *Maust v. Headley,* 959 F.2d 644, 648 (7th Cir. 1992); *Shango v. Jurich*, 681 F.2d 1091 (7th Cir. 1982).

### C. RETALIATION.

Plaintiff's allegations that he has been retaliated against for filing the grievances about

---

[2]These other staff members are not named as defendants in this action.

Defendant Westerman do not rise to the level of a constitutional violation. Prison officials may not retaliate against inmates for filing grievances or otherwise complaining about their conditions of confinement. *See, e.g., Walker v. Thompson*, 288 F.3d 1005 (7th Cir. 2002); *DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267 (7th Cir. 1996); *Cain v. Lane*, 857 F.2d 1139 (7th Cir. 1988). However, the Seventh Circuit recently clarified that in order to qualify as protected speech, an inmate's complaints or grievances must be "related to matters of public concern" rather than merely a "personal gripe" about a particular incident. *Pearson v. Welborn*, 471 F.3d 732, 740-41 (7th Cir. 2006). *See also McElroy v. Lopac*, 403 F.3d 855 (7th Cir. 2005); *Brookins v. Kolb*, 990 F.2d 308 (7th Cir. 1993). In this case, the underlying grievance was a personal gripe against Westerman for throwing a snowball at him on one particular occasion. Finally, the Court notes that plaintiff was, in fact, transferred from Menard Correctional Center (where the events alleged in the complaint occurred) as evidenced by the change of address notices he filed with this Court (Docs. 14 and 15).

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as a strike under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: November 9, 2007.**

                                            **s/ Michael J. Reagan**
                                            **MICHAEL J. REAGAN**
                                            **United States District Judge**